No. 21598.

NED ROBERT NARANJO *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(419 P.2d 953)

Decided November 7, 1966

ALFRED Z. CRADDOCK, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DeRoos, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

BY information filed in the District Court of Pueblo, Colorado, the plaintiff in error, Ned Robert Naranjo, was charged with joy riding and joy riding second offense. A trial was had to a jury which returned a verdict of guilty on both counts of the information. Thereafter, Naranjo was sentenced to a term of from four to eight years in the State Penitentiary. We will refer to Naranjo as the defendant or by name.

During the trial, the district attorney presented the testimony of Pueblo Police Office Robert O. Silva concerning a statement made by the defendant which purportedly referred to other offenses. According to the district attorney, Silva's testimony concerning the defendant's statement was being introduced for the purpose of showing guilty knowledge. Objection that the testimony was prejudicial, irrelevant and immaterial was overruled by the trial court. Thereupon the People elicited the evidence that Naranjo, in response to Officer Silva's request for a statement concerning the case, made the following answer:

"Not a chance. This is my third fall in five years and the only chance I have is to fight this thing in court."

Following the reception of this testimony, the trial court instructed the jury that:

"This testimony was offered for the limited purpose only of showing guilty knowledge on behalf of the defendant. The court wishes to instruct you at this time that this reference with regard to 'this is the third fall within a period of five years' is to be considered by you solely for the purpose of guilty knowledge on behalf of the defendant and no other purpose whatsoever. * * * Do not consider that testimony except for that limited purpose for which it was offered, that being guilty knowledge on the part of the defendant."

Defendant contends here that the trial court's admission into evidence of his alleged statement that "this is my third fall in five years" as evidence of other crimes to show guilty knowledge on his behalf was error requiring reversal of the judgment. Naranjo further contends with regard to this assignment of error that there was no showing that the terms "third fall" referred to other crimes nor was there the required showing that these other purported crimes were connected or related to the offense charged.

Since one of the questions presented by Naranjo is the misapplication of the so-called "similar transactions doctrine," a brief discussion of that doctrine is in order. Ordinarily, in a prosecution for a particular crime, evidence which tends to show that the accused has committed other crimes unrelated to the crime charged is irrelevant and inadmissible. *Kostal v. People,* 144 Colo. 505, 357 P. 2d 70, *Cert. denied,* 365 U.S. 804, 81 S.Ct. 471, 5 L.Ed.2d 462. The judicial philosophy underlying the exclusion of such evidence is that its tendency to inflame and prejudice the jury outweighs its evidentiary value and that an accused is entitled to be tried on the crime charged and not for being a criminal generally.

The admission into evidence of collateral conduct has been sanctioned as an exception to the general exclusionary rule when it tends to establish directly the

particular crime. Its admission has been approved when it proves guilty knowledge where such is an element of the offense. *Clews v. People*, 151 Colo. 219, 377 P.2d 125. However, before such evidence may be used for this purpose, there must be a direct connection between the particular acts and the crime charged. Applying these principles to the situation in the instant case, the error of admitting the alleged statement that "this is my third fall within five years" to prove guilty knowledge of the crime charged becomes manifest.

The Attorney General confesses that there was no showing of a close relationship in time or similarity between the crime charged and the other offenses which were purportedly alluded to in the statement. The statement supplies nothing more than that the defendant has in some fashion come into contact with a law enforcement agency on three occasions. Beyond this, the statement was subject to any number of interpretations. With such ambiguity the statement was incapable of contributing anything either directly or indirectly to the question of the defendant's guilty knowledge as to the charge of joy riding or any other offense for that matter. The statement was completely irrelevant and immaterial to any issue of the case and was therefore inadmissible. See also *Jenkins v. State*, 177 So.2d 756 (Fla. Ct. App.).

Having determined that the admission of the testimony was erroneous, we must next determine whether the error was prejudicial. The trial court instructed the jury that the statement was sufficient in the eyes of the court to be used for the purpose of reflecting guilty knowledge on the part of the defendant. Thus the court raised an ambiguous and irrelevant statement to the dignity of competent evidence on the issue of scienter. The error in admitting the testimony in the first instance was thereupon compounded into prejudicial error since the jury was told by the court that this statement could

80

be used to show consciousness of guilt on the charge of joy riding.

For the above reasons, the judgment is reversed and the cause remanded with directions for a new trial.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER concur.